The opinion of the court was delivered by
DeBlanc, J.
On the 13th of December 1877, George W. Baily — the-executor with seizin of the last will of R. H. Baily — filed in the second1 district Court for the parish of Orleans, in which the testator’s succession-is opened, a petition in which he alleges :
“ That since his appointment as executor, he has been administering this estate and making payments on account of the various legacies, as rapidly as was consistent with the best interest of the succession and of tlie legatees. That among the assets of this estate is an undivided interest in a certain sugar plantation, and an undivided interest in all' the property and all the movables thereon, situated in the parish of' St. John the Baptist, in this State, fully described in an inventory thereof,, made May 17th, 1872, by Zenin Miller, deputy recorder of said parish,, and filed in this Court, May 20th, 1872; which inventory is annexed to- and made part of this petition, for a detailed description of said property..
“Your petitioner further shows, that a partition of said propert3*" has become necessaiy, in order that petitioner may realize, for distribution among the legatees, the share of the succession therein, the3r being-unwilling longer to continue in joint ownership with Michel Alcide Becnel, a resident of the parish of St. John the Baptist, who was the owner of the other undivided half of said property, or with any person claiming to be his transferee. That such partition can not be made in kind,, as the property can not be conveniently divided, and that a sale at public auction will be necessary in order to effect the'partition.
“Your petitioner further shows, that as a necessary incident to said partition it is important to have a full, fair and complete adjustment of accounts connected with said plantation, and between the deceased and' Ms estate and said Becnel, in order to ascertain what portion of the proceeds of said sale shall belong to each owner or his representatives.
“Your petitioner further shows, that said accounts were, for the-most part, kept by the late commercial firm of G. M. Bayly & Pond, of' *1033 this city, and, since their dissolution, by other commercial Arms domiciled in this city, and by petitioner, the executor, who has always resided in this parish,' and kept the books of the estate here, and that said books cover the space of nearly eight years. * *
“ Your petitioner further shows that he discovers, from such examination of the accounts as he has been able to make without the aid of the Court, that said part owner, Becnel, has become so largely indebted! to this estate by reason of his failure to pay his share of the purchase-money and after-expenses, since incurred with his consent, in running said plantation, that your petitioner believes and avers that, upon a full settlement of the affairs of said plantation, said Becnel or his transferee will have no interest or a very small interest in the proceeds of partition sale aforesaid. * *
“ Wherefore petitioner prays for citation of said Alcide Becnel, and of Mrs. A. Provosty, wife of said Michel A. Becnel; that experts may be-appointed and sworn to inventory and appraise said property, and to report whether or not it can be divided in kind by commission issued to-that effect, according to law ; that experts may be appointed and sworn to examine and report on the adjustment of said accounts; and, after due proceedings, that there may be judgment in favor of this estate and against said Becnel, and his transferee, if any, for whatever amount-may be found to be due by him to this estate; that if said property-can not be divided in kind, the sale thereof be ordered, according to law, to effect a partition, and that the proceeds of said sale of said plantation and movables may be applied by preference to the payment of the interest of this estate in said property, and the amount found to he due this estate by said Becnel, and for like relief against his transferee, if any there be.”
The defendants, Becnel and his wife, except to the jurisdiction' of the second district Court, on the grounds that they are domiciled in the parish of St. John the Baptist, in which is situated the property referred to in said petition, and that the district court holding sessions in and for said parish has alone jurisdiction of the executor’s action.
The Constitution provides that, the jurisdiction of the second district court shall be exclusively a probate jurisdiction — and the law “ that the second district court shall be strictly a probate court, and shall have exclusive jurisdiction of only successions and probate canses.” C. art-.. 83 ; Rev. St. Sect. 2011.
Is the suit Aled by Baily’s executor against Becnel and his wife a probate cause, one which relates to exclusively a succession, and in which alone the legal representatives of that succession are concerned ? The executor asks the partition of movable and immovable property situated in the parish of St. John the Baptist, belonging partly to the- *1034 estate of R. II. Baiiy and partly to one of the defendants. He asks— besides — a full, fair and complete adjustment of the accounts of the planting partnership which existed between the deceased and Becnel, and a judgment against the latter for whatever amount may be found to be due by him to the estate of the former.
No branch of that clear demand constitutes a probate matter. The defendants do not hold as heirs, under a title derived from the succession, and their interest is entirely distinct from that claimed by the executor. ’When ascertained, iixed, severed from that of the defendants, the interest of the succession will pass under the control of the second district court, there to be administered upon and disposed of in accordance with the terms of the will, and there — it may be — to be again partitioned, and then only between those whose rights are predicated on a title derived from the succession, and held in common by them as heirs or legatees. The suit in and by which the representative of a succession seeks to recover, from a stranger, property or money, has none of those features which characterize a probate cause.
To sustain his demand and defeat defendants’ exception, plaintiff relies on three articles of the Civil Code which we here transcribe:
“Art. 1135 (1128). If the deceased was in community or partnership with any one who has survived him, the curator of the vacant succession, or of absent heirs, is bound, immediately after his appointment, io sue for a partition, in order that the part which belonged to the deceased, in the community or partnership property, be ascertained.”
“Art. 1137 (1130). Suits for partition must be instituted before the judge of the place where the succession is opened, and the co-prop>rietors and partners of the deceased, as well as his heirs, present and represented, must be cited, to appear before the judge in such suits, though their domicile or ordinary place of residence be out of the jurisdiction of the judge.”
“Art. 976 (971). All the rules relating to the acceptance, renunciation or partition of successions, the collation of goods and payment of debts, contained in this title are applicable to testamentary, as well as intestate successions.”
Under the laws enacted after the adoption of the Constitution of 1812, the probate court’s jurisdiction was concurrent with that of the district court in suits for a partition, when there was no dispute as to the title of the property to be partitioned — 4 M. N. S. 78, 485, 509 ; 5 M. N. S. 9 ; 7 M. N. S. 469 ; 6 L. 423; 9 L. 584 — and this court held, in April 1838, “ that — then'—the authority of the district court, to ordain and regulate a partition of property, owned in- common by any other title than hereditary succession, at the suit of a co-proprietor, could hardly be questioned.” 12 L. 219.
*1035 In 15 L. 33, Judge Martin — as the oi;gan of the court — said: “.The art. 924, No. 14 of the Code of Practice, must — in' the latter as well as the first part of it, be confined to partitions of successions, because successions are the peculiar objects of the Court of Probates, which are courts of special and limited jurisdiction, and which can not be extended by implication to the exclusion of courts of general jurisdiction.”
10 L. 90 ; 15 L. 517 ; 1 R. R. 226 ; 11 R. 349.
In the ease of Boutté against Boutté, we said in January;
“Here is not a succession to be settled, and property exclusively its oum to be partitioned among the heirs of that succession.
“If after Charles’ death, Erangois, who survived him, had immediately thereafter sued the succession of Charles for a partition of this property, can it be doubted that the court of ordinary jurisdiction would alone have had cognizance of the action. How is the case altered when Erangois being also dead, a partition is sought .of the property owned by two distinct juridical beings?
“ The Second Court had not jurisdiction of the action, just as it is without jurisdiction of an action of partition between two individuals who are majors and own property in common, in their own right. * * The articles of the Code, and the decisions of this court, cited by appellee, have reference to cases wherein the co-heirs of the same succession are seeking to divide the property which is common to all of them, and which they derived from a common ancestor.”
30 A. 182,144.
It will be observed that, though the 1135th article of the Code, cited by plaintiff, ordains that — if the deceased was in community or partnership with any one who has survived him, the curator shall sue for a partition, it does not indicate in what court the suit is to be brought, nor does art. 1137 provide that it shall be brought in the probate court. It merely provides that suits for partition must be instituted before the judge of the place where the succession is opened, and— though they reside out of the jurisdiction of 'that judge, heirs, co-proprietors and partners must appear before him — but in what case? In every case of partition of a succession among co-heirs — C. P. 164 — and also when the property to be divided is situated at the place where the succession is opened — otherwise, the action for a partition must be instituted in the parish where the property is situated, and — wherever they may be domiciliated, there the interested parties must be cited t,o appear. The Code so expressly commands. C. C. 1290 (1304); C. P. 165, No. 1.
So long as the succession is not settled and has not ceased to exist as a succession, so long as those therein interested preserve their quality of heirs, all suits which they may bring against each other, and all real *1036 and personal actions, or others, which relate to the unsettled succession, must be brought where it is opened — C. P. 164 — : but, when — by its acceptance — the succession disappears and the co-heirs become co-proprietors, the action for a partition among them is governed by articles 1290 (1304) of the Civil Code and 165 of the Code of Practice.
26 A. 611; 25 A. 143.
The present suit is not one to place the heirs in possession of property belonging to exclusively a succession; but one by an executor to divide, with third parties whose title is acknowledged, property belonging partly to those who are sued and partly by the legal representatives of a deceased person. It is a suit between co-proprietors and which should havo been brought in the parish of St. John the Baptist, where the property sought to be divided is situated.
Defendants’ plea to the jurisdiction was properly maintained.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.